**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **JOSE ISAAC QUINONEZ TORRES,** §<br>              **Petitioner,** §<br> §<br>**v.** §<br> §<br> §<br>**MIGUEL VERGARA, San Antonio Field** §<br>**Office Director, Immigration and Customs** §<br>**Enforcement, et al.,** §<br>              **Respondents.** § | **A-26-CV-1017-ADA-ML** |

## ORDER

Before the court is Petitioner is Jose Isaac Quinonez Torres's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1).[1] Petitioner paid the required filing fee for a habeas corpus petition. *See* Dkt. 1. Petitioner entered the United States in 2007 at the age of five on a B2 Visitor Visa. *Id.* ¶ 2. Petitioner alleges he is eligible to apply for Asylum Withholding and Protection under the Convention Against Torture. *Id.* ¶ 5. Petitioner seeks immediate release. *Id.* ¶ 14. Petitioner is currently confined in T. Don Hutto Detention Center in Taylor, Texas. *Id.* ¶ 16. After consideration, Respondents are ordered to file a responsive pleading.

Petitioner asks the court to order Respondents Miguel Vergara, San Antonio Field Office Director, Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Charlotte Collins, Warden, T. Don Hutto Detention Center; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, U.S. Attorney General (together, "Respondents") to show cause as to why the petition should not be granted. *Id.* at 7. Under 28 U.S.C. § 2243,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall
> forthwith award the writ or issue an order directing the respondent to show cause

---

[1] This case was referred by United States District Judge Alan D Albright to the undersigned for all proceedings, pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. 4.

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243. However, district courts may amend the timeline laid out in § 2243 where necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). After consideration, the court will order Respondents to show cause as to why Petitioner's writ should not be granted within the next three days in accordance with § 2243.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and that such delivery by certified mail return receipt requested will constitute sufficient service of process on the Federal Government Respondents.

2. The Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and that such delivery by certified mail return receipt requested will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before April 28, 2026**, as to why the court should not grant Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). Petitioner may, at his discretion, file a reply **on or before April 30, 2026**. At this time, the court will not plan to set a hearing on this matter, but, **on or before April 28, 2026**, either party may request a hearing to be scheduled for after the completion of briefing. Failure to request a

hearing will constitute waiver of the opportunity for a hearing under § 2243. The court is amenable to ruling on the papers if the parties waive a hearing.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2-3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

SIGNED April 23, 2026,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

3